THE STATE *v.* JAMES HURST.*

(*Knoxville.* September Term, 1922.)

HIGHWAYS.  Refusal to furnish team for road work is not made a
    misdemeanor.
    The requirement of Private Acts 1919, chapter 378, section 6, that
    the owner of a team shall work it upon the highways, is not a
    requirement for the furnishing of road labor within the provision
    of section 5 of the act making it a misdemeanor to refuse to per-
    form honestly the labor on the highways, and, since there is no
    provision making failure to furnish the team a misdemeanor, an
    indictment for such failure was properly quashed.

Acts cited and construed: Acts 1919, ch. 378, sec. 6,

---

FROM GAINGER.

---

Appeal from the Circuit Court of Grainger County.—
HON. JAS. L. DRINNON, Judge.

WM. H. SWIGGART, JR., Assistant Attorney-General, for
the State.

MONTGOMERY, DONALDSON & MONTGOMERY, for defendant.

MR. L. D. SMITH, Special Judge, delivered the opinion
of the Court.

The defendant was indicted for unlawfully and will-
fully failing to furnish and work one team with the neces-
sary driver as required under section 6, chapter 378, Pri-

---

*On question of compulsory use of private property in road work
see notes 42 L. R. A. (N. S.), 1045, and L. R. A., 1918D, 974.

vate Acts of the General Assembly for 1919. The indict-
ment was quashed by the circuit court upon the motion of
the defendant upon the ground: (1) That the act itself
was unconstitutional in that it attempts to levy a special
tax on teams and that such classification is arbitrary, un-
just, and unreasonable, and the terms appearing in the
act are too vague and indefinite. (2) Because the failure
to furnish a team is not made a misdemeanor by the terms
of the act, and therefore defendant was not subject to
indictment.

We are of the opinion that under the act in question the
failure to furnish a team as required by section 6 is not
a misdemeanor, and upon that ground the motion was
properly sustained.

Section 5 of the act requires all male residents of the
county between the ages of twenty-one and forty-five to
perform road labor except those exempted by the county
court for physical disability. Road overseers are required
to give three days' warning to all persons subject to duty
by written notice, advising the person subject to road labor
when and where to appear. In this section immediately
following the requirement above referred to the act pro-
vides:

"And in case any hand so notified shall willfully fail or
refuse to perform honestly, faithfully and obedient to the
direction of the overseer as many days' labor on the pub-
lic roads as are assessed against him he shall be guilty of
a misdemeanor."

It is this provision which the State contends makes it
a misdemeanor to violate the provisions of section 6, which
requires the owner or owners of teams to work the team
or teams with the necessary driver. Section 5 makes it

State v. Hurst.

a misdemeanor to fail or refuse to perform honestly, faithfully, and in obedience to the direction of the overseer as many days' labor on the public roads as are assessed against him. Section 6 does not undertake to make any provision with respect to days of labor on the public road. The misdemeanor refers solely to the failure to perform that duty imposed upon male residents between the ages of twenty-one and forty-five and relates to the failure to perform no other duty. The duty of furnishing a team is a separate and independent provision, and it is not a duty to perform road labor for any number of days, but is simply a duty to furnish a team.

In order to sustain the State's contention, the court would have to write into section 6 the same provision found in section 5 with respect to persons between the specified ages performing labor. The court is not authorized to do that. On the contrary, statutes of this character may be construed strictly, and the court will not indulge in the implication in order to create an offense not clearly created by the legislature itself.

In this view of the case it is not necessary to determine the constitutional question raised, and we shall not consider or undertake to determine the same. For the reason stated, the judgment of the circuit court should be affirmed.